O’Neill, J.,
dissenting.
{¶ 198} As a justice and as a citizen, it is truly difficult in this ease to separate personal outrage from clinical constitutional analysis. The latter, however, is required by my oath of office. Anthony Kirkland’s actions were monstrous — he must be punished and society must be vigilantly protected from him. He deserves nothing less than life in prison without possibility of release, and the horror of his crimes certainly makes it easy to suggest that death is the only fit punishment for him. But because the death penalty “is inherently both cruel and unusual,” State v. Wogenstahl, 134 Ohio St.3d 1437, 2013-Ohio-164, 981 N.E.2d 900, ¶ 2 (O’Neill, J., dissenting), I cannot accept that easy suggestion. And because the majority’s analysis results in a denial of the defendant’s right to a fair jury trial, even if I believed that the death penalty could be constitutionally imposed, I would still be compelled to dissent in this case.
{¶ 199} The majority correctly concludes that the state’s closing remarks in the penalty phase “were improper and substantially prejudicial.” Majority opinion at ¶ 96. Compare Carter, Harmless Error in the Penalty Phase of a Capital Case: A Doctrine Misunderstood and Misapplied, 28 Ga.L.Rev. 125, 131, 134 (1993) (discussing harmless, as opposed to prejudicial, error). But instead of reversing the sentence and remanding for a new sentencing hearing, the majority holds that our independent evaluation and approval of the capital sentence cured the errors in the penalty-phase proceedings. I disagree. This court has relied upon its independent review to “cure” trial-court penalty-phase deficiencies in preparing a written sentencing opinion, State v. Gumm, 73 Ohio St.3d 413, 424, 653 N.E.2d 253 (1995), allowing improper testimony from a state expert witness, State v. Hale, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 132, and giving erroneous jury instructions, State v. Dixon, 101 Ohio St.3d 328, 2004-Ohio-1585, 805 N.E.2d 1042, ¶ 84. Today, it holds that independent review of a sentence can also “cure” prejudicial penalty-phase prosecutorial misconduct that this court has repeatedly determined to be improper: arguing facts outside the record, arguing the subjective experiences of the victim, and arguing that the circumstances of the murder are themselves aggravating factors. That holding, in my opinion, undermines the very foundation of the jury system in Ohio. And it does not comport with the Sixth Amendment to the United States Constitution, *108 which in this context requires that the facts permitting the imposition of a death sentence must be found by a jury.
{¶ 200} In Clemons v. Mississippi 494 U.S. 738, 745, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), the United States Supreme Court held that it was permissible for the Mississippi Supreme Court to impose a sentence of death based on its independent reweighing of aggravating and mitigating circumstances after the state court struck down as unconstitutional one of the aggravating factors found by the jury. This court has recognized that Ohio’s system for imposing and reviewing death sentences is analogous to the Mississippi system approved in Clemons. See State v. Landrum, 53 Ohio St.3d 107, 124, 559 N.E.2d 710 (1990).
{¶ 201} But in Ring v. Arizona, 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), the United States Supreme Court concluded that the Sixth Amendment right to a jury trial required that a jury, rather than a judge, find the presence of aggravating circumstances necessary for the imposition of the death penalty. The Supreme Court stated that “[t]he right to trial by jury guaranteed by the Sixth Amendment would be senselessly diminished if it encompassed the factfinding necessary to increase a defendant’s sentence by two years, but not the factfinding necessary to put him to death.” Id.
{¶ 202} When it is applied to this case, Clemons, standing alone, would compel the conclusion that this court does not violate the United States Constitution by “curing” prejudicial errors in the penalty phase of a death-penalty case by independently reviewing the death sentence. But I simply cannot accept the proposition that our independent review somehow comports with the Sixth Amendment right to have a jury weigh mitigating and aggravating circumstances. In my opinion, Clemons is inconsistent with the United States Supreme Court’s pronouncement in Ring, because Clemons rests on a premise — “the Sixth Amendment does not require that a jury specify the aggravating factors that permit the imposition of capital punishment, nor does it require jury sentencing, even where the sentence turns on specific findings of fact” — that Ring has shown to be faulty. (Citation omitted.) Clemons at 746. As Ring demonstrates, the Sixth Amendment requires precisely those things: “enumerated aggravating factors operate as ‘the functional equivalent of an element of a greater offense,’ [and therefore] the Sixth Amendment requires that they be found by a jury.” Ring at 609, quoting Apprendi v. New Jersey, 530 U.S. 466, 494, 120 S.Ct. 2348, 147 L.E.2d 435 (2000), fn. 19. Moreover, in Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 2155, 186 L.Ed.2d 314 (2013), the court concluded that any fact that increases the mandatory minimum punishment for a crime “is an ‘element’ that must be submitted to the jury and found beyond a reasonable doubt.” See also id. at 2165-2166 (Sotomayor, J., concurring) (demonstrating how Ring compels the decision in Alleyne).
*109 Joseph T. Deters, Hamilton County Prosecuting Attorney, and William E. Breyer, Chief Assistant Prosecuting Attorney, for appellee.
Herbert E. Freeman and Bruce K. Hust, for appellant.
{¶ 203} In short, as one federal judge has observed, “[i]f a defendant has a right to have a jury find all the facts that make him eligible for the death penalty, he must also have the right to have a jury make the final determination that he actually will be sentenced to death.” Baston v. Bagley, 420 F.3d 632, 639, fn. 1 (6th Cir.2005) (Merritt, J., dissenting) (arguing that “Ring has overruled Clemons ”). In light of Apprendi, Ring, and Alleyne, it seems obvious that Clemons is bad law that will someday be explicitly overruled. And given that this court has already concluded that the defendant’s penalty-phase hearing was unfair, it compounds that unfairness for this court to simply reimpose the death penalty instead of remanding the case for a sentencing jury to make that determination.
{¶ 204} I have stated my belief that capital punishment itself is unconstitutional; with today’s decision, the court plainly demonstrates that Ohio’s system of imposing and reviewing death sentences is unconstitutional as well. Accordingly, I dissent.